IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States *ex rel.* Trevor Ivanich, | ) |
| Plaintiffs, | ) |
| v. | ) No. 13 C 4241 |
| Renuka H. Bhatt, M.D., S.C., d/b/a Fine Skin Dermatology, and Renuka H. Bhatt, M.D., S.C., | ) Judge Virginia M. Kendall |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Trevor Ivanich filed this *qui tam* action on behalf of the public against Defendants Renuka H. Bhatt, M.D., S.C., d/b/a Fine Skin Dermatology ("Fine Skin") and Renuka H. Bhatt, M.D., S.C., individually, (collectively "the Defendants") alleging that the Defendants made false claims in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.* Specifically, Ivanich contends that the Defendants made false claims by knowingly submitting claims to Medicare and other federally funded health care programs for services as though they were performed by Dr. Bhatt, when in reality, the services were performed by a physician assistant or nurse practitioner. The Government declined to intervene.

The Defendants now move this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Because Ivanich failed to plead his FCA claim with particularity, and for the following reasons, the motion to dismiss is granted and the Complaint is dismissed without prejudice.

**BACKGROUND**

The Court takes the following well-pleaded allegations from the Complaint and treats them as true for purposes of this motion. *See Golden v. State Farm Mut. Auto. Ins. Co.*, 745 F.3d 252, 255 (7th Cir. 2014). Ivanich has been employed by the Defendants as the accounts receivable manager since October 2012 (Dkt. 1 at ¶ 5). Fine Skin is an Illinois professional services corporation and Dr. Bhatt is a licensed Illinois physician. (*Id.* at ¶¶ 6-7).

The Medicare program provides for the payment of claims submitted to it by healthcare providers for services rendered to its beneficiaries. (*Id.* at ¶ 15). Medicare reimburses physicians for services as stated in the Medicare Fee Schedule and reimburses physician assistants and nurse practitioners at 80 percent of the lesser of the actual charge or 85 percent of what a physician is paid under the Fee Schedule. (*Id.* at ¶ 17). Ivanich contends that the defendants submitted false claims to Medicare by stating that the submitted services were provided by Dr. Bhatt when they were actually performed by either a physician assistant or nurse practitioner. (*Id.* at ¶ 18). Specifically, Ivanich points to July 9, 2010 and September 18, 2010. On both dates, an electronic claim was filed with Medicare seeking reimbursement for patients and was subsequently paid by Medicare because the claim indicated that the services were performed by Dr. Bhatt. (*Id.* at ¶ 19(a)-(b)). However, neither Dr. Bhatt nor any other physician performed the services on either occasion; instead, the services were completed by a physician assistant. (*Id.*). Ivanich asserts that the Defendants submitted thousands of similarly false claims per year and that Dr. Bhatt approved of all claims submitted. (*Id.* at ¶¶ 20-21).

## **LEGAL STANDARD**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all facts alleged in the Complaint and construes all reasonable inferences in favor of the Plaintiff. *See Golden*, 745 F.3d at 255. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true … 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the plaintiff is entitled to relief. *Id.*

Because the FCA is an anti-fraud statute, claims brought pursuant to the FCA are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See United States ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005); *United States ex rel Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003) (Rule 9(b) applies "because the False Claims Act condemns fraud but not negligent errors or omissions"). Rule 9(b) elevates the pleading requirements for allegations of fraud: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A plaintiff meets the "particularity" standard if his complaint points out the "who, what, when, where, and how" of the alleged fraudulent activity. *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Fraud allegations based on "information and belief" are generally unable to satisfy the "particularity" standard; however, the practice is permissible so long as (1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides "the grounds for his suspicions." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011) (citations omitted).

## **DISCUSSION**

To establish civil liability under the FCA, a relator generally must prove that (1) the defendant made a statement or submitted a claim in order to receive money from the

government; (2) the statement or claim was false; and (3) the defendant knew it was false. *See* 31 U.S.C. § 3729(a); *see also United States ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 822 (7th Cir. 2011). The parties do not dispute that the Defendants submitted claims to Medicare billing in Dr. Bhatt's name for the services of physician assistants and nurse practitioners. Therefore, the Court need only determine whether Ivanich has pled facts demonstrating that the Defendants' conduct was in violation of Medicare procedure and thereby fraudulent under the FCA.

Ivanich alleges that the Defendants submitted claims to Medicare billing in Dr. Bhatt's name when the services provided were actually performed by either a physician assistant or nurse practitioner. (Dkt. 1 at ¶¶ 18-19). The deficiency with this allegation is that, without further detail, this conduct is entirely permissible under Medicare protocol. Medicare recognizes "incident to" services, which are services provided by a physician assistant or nurse practitioner but reimbursed at a physician's rate if they meet certain criteria. *See* 42 U.S.C. § 1395x(s); 42 C.F.R. § 410.26; Medicare Benefits Policy Manual ("MBPM"), Pub. 100-02, Ch. 15, § 60.1. To qualify as an "incident to" service, the service provided must be part of the normal course of the patient's treatment and satisfy three criteria: (1) the physician personally performed an initial service; (2) the physician remains actively involved in the course of treatment; and (3) the physician directly supervises the physician's assistant or nurse practitioner performing the service. *See* MBPM § 60.1(B). Nowhere in Ivanich's Complaint does he allege that the Defendants failed to abide by any of these requirements. *Contra United States ex rel. Walker v. R&F Props. of Lake Cty., Inc.*, 433 F.3d 1349, 1358 (11th Cir. 2005) (summary judgment precluded where plaintiff alleged physician was not supervising physician assistants and therefore not complying with the applicable Medicare regulation).

The ambiguous allegations in the Complaint make it impossible to discern whether the conduct alleged violates the FCA. Moreover, Ivanich's statement in his response brief that "[t]he scope of Dr. Bhatt's supervision and the services provided by the nurse practitioners and physician assistants are at this juncture factual disputes," does nothing to elaborate on the factual allegations found in the Complaint.[1] As opposed to pleading an additional fact, this statement is merely a concession that Ivanich does not know whether supervision took place, and such a statement does not nudge the allegations found in the Complaint into the realm of plausibility. The well-pleaded allegations found in the Complaint consist solely of the contention that the Defendants submitted claims to Medicare under Dr. Bhatt's name when the services were actually performed by either a physician assistant or nurse practitioner. Accepting the truth of this allegation, the Complaint does not plausibly suggest that the Defendants violated the FCA because the allegations are entirely compatible with lawful conduct under the Medicare guidelines. As such, the Complaint fails to plausibly state a claim for an FCA violation. *See Ashcroft*, 556 U.S. at 680 (where conduct alleged is not only compatible with but also likely explainable by lawful behavior, complaint is properly dismissed for failing to plausibly state a claim). An allegation that the Defendants billed for services that were not performed by Dr. Bhatt is "merely consistent with" liability; therefore, it "stop[s] short of the line between possibility and plausibility of 'entitlement to relief.'" *See Twombly*, 550 U.S. at 557 (citation omitted). Accordingly, without further specific, particular allegations, the Complaint fails to satisfy the heightened pleading requirement of Rule 9(b).

## CONCLUSION

---

[1] In opposing a 12(b)(6) motion to dismiss, a plaintiff may assert new facts or elaborate on his factual allegations so long as the new elaborations are "consistent with the pleadings." *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

For the reasons stated herein, the Defendants' motion to dismiss is granted and the Complaint is dismissed without prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 14, 2014