IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States *ex rel.* Trevor Ivanich, | ) |
| Plaintiffs, | ) |
| v. | ) No. 13 C 4241 |
| Renuka H. Bhatt, M.D., S.C., d/b/a Fine Skin Dermatology, and Renuka H. Bhatt, M.D., S.C., | ) Judge Virginia M. Kendall |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Trevor Ivanich brought this *qui tam* action against Defendants Fine Skin Dermatology and Renuka H. Bhatt, M.D., S.C., claiming that the Defendants violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.* by submitting reimbursement claims to Medicare and Tricare under Dr. Bhatt's name for services actually rendered by physician assistants or nurse practitioners. The Court dismissed Ivanich's original complaint on July 14, 2014 because the conduct complained of failed to plausibly state a claim for an FCA violation. *See United States ex rel. Ivanich v. Bhatt*, No. 13 C 4241, 2014 WL 3454227 (N.D. Ill. July 14, 2014). Because Ivanich's Amended Complaint is similarly plagued by allegations that are entirely compatible with lawful conduct under the Medicare guidelines, the Court again grants the Defendants' Motion to Dismiss (Dkt. No. 27), but because Ivanich's conduct has not been extreme enough to warrant sanctions, the Defendants' Motion for Sanctions (Dkt. No. 32) is denied without prejudice. Ivanich's Motion to Strike (Dkt. No. 46) is denied. The Court grants Ivanich one last opportunity to amend his complaint.

## BACKGROUND

Because this is Ivanich's second attempt to plead an FCA violation, the Court presumes that both parties are familiar with the general underlying facts and Medicare regulations involved. *See Ivanich*, 2014 WL 3454227 at *1. Of pertinence to the instant motion to dismiss are the following newly-pled facts, which the Court takes from the Amended Complaint and treats as true for the purposes of this motion. *See Fox v. Am. Alternative Ins. Corp.*, 757 F.3d 680, 681 (7th Cir. 2014).

Ivanich expands upon his original allegations of instances of false claims submitted to Medicare and Tricare in his amended complaint. In an attempt to avoid pleading allegations that are permissible under Medicare's "incident to" billing procedures, Ivanich contends that on five dates between July 2010 and May 2012, physician assistants Montoya and Weierman saw a number of patients at one of Dr. Bhatt's medical offices, specifically, the Orland Park, Illinois location. (Dkt. No. 26, Am. Compl. ¶¶33-37). Universally on these dates, Dr. Bhatt was not present in the Orland Park office and was either treating patients at her Joliet, Illinois location or had no patients scheduled. (*Id.*). The physician assistants performed services including establishing outpatient visits, destroying skin lesions, and conducting biopsies of skin. (*Id.*). Dr. Bhatt was not present at the Orland Park location when the physician assistants performed these services and did not supervise the procedures. (*Id.*).

Upon seeking reimbursement for the services from Medicare and Tricare, the reports submitted to the agencies stated that Dr. Bhatt had performed the services. (*Id.*). Medicare and Tricare paid the claims sought at the full physician fee schedule rate then in effect. (*Id.*). Ivanich asserts that the Defendants submitted thousands of such claims per year and that Dr. Bhatt approved of all claims submitted. (*Id.* at ¶¶ 40-41).

**LEGAL STANDARD**

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Because the FCA is an anti-fraud statute, claims brought pursuant to the FCA are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See United States ex rel. Gross v. AIDS Research Alliance–Chicago,* 415 F.3d 601, 604 (7th Cir. 2005); *United States ex rel Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 376 (7th Cir. 2003) (Rule 9(b) applies "because the False Claims Act condemns fraud but not negligent errors or omissions"). Rule 9(b) elevates the pleading requirements for allegations of fraud: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A plaintiff meets the "particularity" standard if his complaint points out the "who, what, when, where, and how" of the alleged fraudulent activity. *Bank of America, N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir.2013).

**DISCUSSION**

**A. The Defendants' Motion to Dismiss**

The problem with Ivanich's original complaint was that his allegations were entirely consistent with billing for "incident to" services, services that are entirely permissible under Medicare protocol. *See Ivanich*, 2014 WL 3454227 at *2 ("To qualify as an 'incident to' service, the service provided must be part of the normal course of the patient's treatment and satisfy three criteria: (1) the physician personally performed an initial service; (2) the physician remains

actively involved in the course of treatment; and (3) the physician directly supervises the physician's assistant or nurse practitioner performing the service."). The primary difference between Ivanich's original and amended complaints is that Ivanich now alleges that Dr. Bhatt did not supervise the physician assistants who performed the claimed services. While this allegation is closer to stating an FCA violation than Ivanich's original complaint was, he again fails to recognize that Medicare authorizes "incident to" services as long as any member of a physician group supervises the procedure. *See* Am. Compl. Ex. A, *Centers for Medicare & Medicaid Servs., Medicare Learning Network, MLN Matter No. SE0441* ("If you are in a group, any physician member of the group may be present in the office to supervise.")[1].

The Defendants may bill in Dr. Bhatt's name for services provided by physician assistants as long as a physician within the practice group supervised the services; Dr. Bhatt need not herself be the supervisor. *See* 42 C.F.R. § 410.26 (incident to "[s]ervices and supplies must be furnished under the direct supervision of the physician . . . The physician directly supervising the auxiliary personnel need not be the same physician . . . upon whose professional service the incident to service is based."). Because Medicare authorizes this practice, Ivanich's contention that Dr. Bhatt did not personally supervise the services provided by physician assistants once again pleads only conduct that is entirely compatible with Medicare guidelines and therefore fails to state an FCA violation. *See Ashcroft*, 556 U.S. at 680 (where conduct alleged is not only compatible with but also likely explainable by lawful behavior, complaint fails to plausibly state a claim); *see also Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014) (claimant properly states a claim when he alleges enough facts to render the claim not just conceivable, but facially plausible). Moreover, Ivanich's unsubstantiated allegations that the services provided by the

---

[1] On a motion to dismiss, the Court may consider documents that are attached to the complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

4

physician assistants "were not furnished as [] integral, although incidental, part[s] of Dr. Bhatt's" services do not save his Amended Complaint. Am. Compl. ¶¶ 33-37; *see Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010) (plaintiff must plead more than bare legal conclusions to survive a motion to dismiss). Without supporting facts, the Court does not accept as true Ivanich's conclusion that the services provided by the physician assistants were not integral. Because the new facts asserted in Ivanich's amended complaint do not remedy the pleading deficiencies identified in his original complaint and once again plead behavior that is "merely consistent with" liability, *see Twombly*, 550 U.S. at 557, the Court grants the Defendants' motion to dismiss.

Yet the Court allows Ivanich one ultimate opportunity to amend his complaint. The amended complaint has fewer flaws than the original and the examples of alleged FCA violations are far more specific and substantiated than Ivanich's initial pleading. Ivanich's increased effort to support his allegations, coupled with his statement in his response brief that physician assistants were often alone at two of Dr. Bhatt's offices with no physician present[2], affords him one final chance to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2) (the court "should freely give leave [to amend] when justice so requires."); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Accordingly, the Court dismisses Ivanich's amended complaint without prejudice.

---

[2] Despite the Defendants' objection to the Court's consideration of this new assertion found in Ivanich's response brief, in opposing a 12(b)(6) motion to dismiss, a plaintiff may assert new facts or elaborate on his factual allegations so long as the new elaborations are "consistent with the pleadings." *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The Court notes, however, that this contention does not state an FCA violation without additionally alleging that physician assistants performed the complained-of services without a physician from the practice group present.

**B. The Defendants' Motion for Sanctions**

Federal Rule of Civil Procedure 11(b) states that by presenting papers to the court, the attorney or party certifies that the filing is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b)(2-3). A frivolous argument, one that is simply baseless or made without a reasonable and competent inquiry, may incur penalty under Rule 11. *See Berwick Grain Co., Inc. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000). Rule 11 sanctions are "imposed sparingly, as they can 'have significant impact beyond the merits of the individual case' and can affect the reputation and creativity of counsel." *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) (quoting *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994).

Ivanich's conduct up to this point is not the type of extreme conduct necessary to warrant sanctions, especially when considering the early stage of the proceedings. It is true that the best course for Ivanich would have been to properly allege that no physician within Dr. Bhatt's practice group supervised the services complained of in his amended complaint, but this mistake does not necessitate sanctions. The parties have not engaged in significant discovery and although the Defendants have now filed two motions to dismiss, the motions required minimal briefing. While Ivanich has failed to state a claim for an FCA violation twice, his allegations hint at violative practices and are therefore not of the level of frivolity required to elicit sanctions. Because there is no evidence at this point that Ivanich has filed his pleadings for an improper purpose, *see* Fed. R. Civ. P. 11(b)(1), the Court denies the Defendants' motion without prejudice. The Defendants may refile their motion as the case progresses.

## CONCLUSION

For the reasons stated herein, the Defendants' second motion to dismiss is granted and Ivanich's amended complaint is dismissed without prejudice. The Defendants' motion for sanctions is denied without prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 1/20/2015